## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:    JEREMY LORD                                   )    Case No. 25-40397
                                                        )    Chapter 7
                                               Debtor   )

## MOTION BY RYAN A BLAY TO WITHDRAW AS COUNSEL FOR DEBTOR

**COMES NOW** Ryan A Blay, Counsel for the Debtor, and for this Motion to Withdraw as Counsel for Debtor states that:

1.    On June 20, 2025, Debtor filed a Petition for Relief under Chapter 7 of the US Bankruptcy Code.

2.    On June 20, 2025, Debtor was instructed to provide necessary documents in preparation for his Meeting of Creditors, including 2023 and 2024 tax returns.

3.    On July 15, 2025, Debtor appeared at his first Meeting of Creditors. The Trustee instructed him to provide 2022, 2023, and 2024 tax returns. Concerns were also raised regarding various payments and transfers of property.

4.    On July 29, 2025, Debtor informed counsel that he was meeting with his accountant to secure the requested tax returns.

5.    On September 22, 2025, Debtor appeared at his second Meeting of Creditors. The Trustee asserted she would be filing a Motion for Turnover, as she still needed documents requested in July 2005.

6.    On October 7, 2025, Debtor failed to appear at his third Meeting of Creditors. The Trustee again expressed intentions to file a Motion to Compel and a Motion for Turnover.

7.    On November 10, 2025, Debtor's Counsel directly reached out to Debtor's accountant, Jane Cooper, because progress needed to be made on the Motion for Turnover,

8.    On November 25, 2025, Debtor's Counsel received the 2023 and 2024 taxes and provided them to the Trustee.  However, there was conflicting testimony at Rule 2004 exams of the Debtor and Ms. Cooper, the Debtor's accountant, as to whether the tax returns in question were ever filed with the Internal Revenue Service and Kansas Department of Revenue.

9.    On December 4, 2025, Debtor failed to appear at his fourth Meeting of Creditors, citing that he needed to speak further with his doctors before testifying. Debtor was instructed to secure a detailed doctor's note from his physician.

10.   On February 27, 2026, Debtor stated he would be unavailable through the month of March for a continued 341 meeting.

11.   On May 5, 2026, Debtor received paperwork requesting him to stipulate to a waiver of his discharge.  He never signed it, and the office of the United States Trustee instituted an adversary proceeding inside of this bankruptcy to seek denial of a discharge.

12.     On June 30, 2026, Debtor failed to appear at his fifth Meeting of Creditors, citing the prior obligation of a doctor's appointment.

13.     On July 16, 2026, Debtor failed to appear at his sixth Meeting of Creditors.

14.     Debtor has been uncooperative in the trustee's attempts to ask questions about assets, transfers, obligations, and other basic information needed to proceed with this Case.  As a result, counsel (as well as the trustee, creditor's counsel, and other parties) are suffering unnecessary expenses and time while this case progresses.

**WHEREFORE,** Ryan A Blay respectfully moves the Court for an order allowing him to withdraw as Counsel for the Debtor, and for any further relief appropriate and just under the circumstances.

Dated: July 20, 2026

Respectfully submitted,
WM Law

/s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR

## NOTICE WITH OPPORTUNITY FOR NON-EVIDENTIARY HEARING
## ON RYAN BLAY'S MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR

NOTICE IS HEREBY GIVEN that if you fail to file a written objection to the above motion with the Clerk of the U.S. Bankruptcy Court at Kansas City, Kansas, on or before **August 10, 2016**, the Court will enter an order prepared and submitted by the movant within ten (10) days of the objection deadline and no hearing will be held.

If an objection is timely filed, a non-evidentiary hearing will be held before the U.S. Bankruptcy Court, Frank Carlson Federal Building, 444 SE Quincy, Rm. 240, Topeka, KS 66683 **on September 8, 2026, at 1:30 p.m.**, or as soon thereafter as the Court's schedule permits. If you file an objection, you must appear at the hearing unless you have submitted an agreed order in advance signed by all parties or their counsel.

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, the foregoing Motion to Withdraw as Counsel for the Debtor was delivered via e-mail to the parties listed below that are registered to receive electronic filings on ECF, and regular first class, postage prepaid to the parties listed below that are not registered to receive electronic filings on ECF.

**[See attached mailing matrix]**

/s/ Ryan A. Blay

Kansas Department of Revenue
PO Box 12005
Topeka KS 66612-2005


Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346


Missouri Department of Revenue
PO Box 475
Jefferson City MO 65105-0475


All Seasons Lawn Tree &
Landscape LLC c/o All Seasons
Long Tree & Landscape LLC
11965 SW 77th St.
Auburn KS 66402


Erin Lord
11965 SW 77th St.
Auburn KS 66402


Heritage Bank
3024 Sw Wanamaker Rd
Topeka KS 66614


Internal Revenue Service
PO Box 7346
Centralized Insolvency Operati
Philadelphia PA 19101-7317


Judson Edwin Popkess
Carolyn Popkess
7504 SW Urish
Auburn KS 66402


Kansas Department of Revenue
PO Box 12005
Topeka KS 66601-2005

Kevin J. Grauberger
Riordan, Fincher & Mayo PA
3735 SW Wannamaker Rd
Ste. A
Topeka KS 66610


Reed Company, LLC
c/o attorney Whitney L Casemen
Stevens & Brand LLP
4848 SW 21st St, Ste. 201
Topeka KS 66604


Shawnee County Solid Waste
c/o attorney Kendall McVay
3615 SW 29th St.
Topeka KS 66614


Sunflower Rents Inc.
c/o Zimmerman & Zimmerman PA
909 SE Quincy St.
Topeka KS 66612


Todd & Mary Ulsaker
8050 SW Huntoon
Topeka KS 66614