IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEREMY WALLACE LORD | ) | CASE # 25-40397-7 |
| Debtor(s). | ) | |
| | ) | |

**TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS**

COMES NOW the Trustee, Darcy D. Williamson, and hereby enters the estate's Objection to Exemption filed by the debtor. In support of her Objection, the Trustee alleges and states as follows:

1. The debtor filed a Chapter 7 Petition on June 20, 2025 ("Petition Date");

2. On July 31, 2025, the debtor amended Schedule C and claimed the following as exempt:

11965 SW 77th St., Auburn, KS 66402, Shawnee County

Property is titled in the name of the non-filing spouse, but debtor has an equitable interest as a result of land purchase. Debtor paid $240,000.00 for land and property was used as collateral for construction of marital home. Land and 56 acres $860,000.00 current value, $214,000.00 100% fair value of exemption.

3. The original 341 hearing was held on July 15, 2025 and continued a number of times for debtor's failure to appear or provide documents. On July 16, 2026, the Trustee concluded the 341 hearing. Not all documents or information were provided.

4. The Trustee objects to the debtor's exemption of his interest and/or equitable interest in 11965 SW 77th St., Auburn, KS. The Trustee's objection is based upon the following:

a. On or about August 30, 2022, Erin Lord, a married person as buyer entered a real estate contract with Brad Bassett and Dana Bassett for the purchase of the above described property for $238,400.00. In August, 2022 the debtor deposited the sums of $641,002.88

into his business account ending in X2246. These proceeds were from his various business customers.

b. On September 1, 2022 Jeremy Lord transferred the sum of $233,408.44 from his business account (X2246) into a joint account with his wife Erin (X9962).

c. In September, 2022 a deed was executed solely unto Erin Lord for the realty known as 11965 SW 77th St., Auburn, Kansas per the above referenced contract. The realty is in Erin Lord's name. Jeremy Lord continues to make the mortgage payment unto Heritage Bank on this property. Erin Lord does not have her own independent source of income.

d. In June, 2025 through July 11, 2025, Jeremy Lord transferred his earnings or funds in Acct X2246 (over $134,000.00), without any consideration, unto Erin Lord.

5. Jeremy Lord owes the following creditors money by virtue of the following suits:

SN-2023-LM-009521 Reed Company LLC v. All Seasons Tree & Landscape et al

2021-LM-005794 Kevin M. Cassidy DDS, Ms P.A.

SN-2025-LM-004678 Shawnee County Solid Waste v. J. Lord

SN-2024-CV-000021 Jeremy Lord et al v. Marvin Thomas

05-2023-CV-000033 Cheyenne J. Wohlford et al v. Jeremy Lord

SN-2023-CV-000616 Judson Edwin Popkess et al v. All Seasons Lawn Tree & Landscape, LLC.

SN-2023-CV-000598 Todd Ulsaker v. All Seasons Lawn Tree & Landscape et al

SN-2023-LM-005543 Sunflower Rents, Inc. v. Jeremy Lord

These are actual creditors with unsecured claims and the Trustee stands in the shoes of these actual creditors.

6. The Trustee and various unsecured creditors can and the Trustee will bring an action under 11 U.S.C. § 544(b) and KSA 33-204 and 205 to avoid and recover the transfers. The transfers of funds and property unto Erin Lord were made without the debtor receiving reasonably equivalent value in exchange for the transfer of funds, in that the debtor received nothing. Further, the debtor was insolvent at the time of the transfers, or, alternatively, was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relationship to the business or transaction; or the debtor intended to incur, or believed or reasonably should have believed that such debtor would incur, debts beyond such debtor's ability to pay as they became due. The debtor's liabilities exceeded its assets as the time of the transfers, and/or the debtor's assets were not sufficient to continue in business and pay all debts as they became due.

7. The estate has an equitable lien and/or constructive trust on the property overriding an exemption claim.

8. Jeremy Lord claims an equitable interest in the property. Equity prevents Jeremy Lord from having an equitable interest because of his fraudulent intent and means as to present and future creditors to acquire the interest.

WHEREFORE, the Trustee prays the Court for an Order sustaining this Objection to the debtor's exemptions and for all other further and proper relief.

s/ Darcy D. Williamson
DARCY D. WILLIAMSON, Trustee
Williamson Law Office
Attorney # 11337
1109 SW Westside Drive
Topeka KS 66615
(785) 233-9908
trustee@williamson-law.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing **TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS** was filed electronically on August 4, 2026, with the United States Bankruptcy Court for the District of Kansas, and shall be served on parties in interest via e-mail by the Court pursuant to CM/ECF as set out on the Notice of Electronic Filing as issued by the Court and shall be served by U.S. Mail, First Class, postage prepaid, on those parties listed below, and on those parties directed by the Court on the Notice of Electronic Filing issued by the Court and as required by the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Kansas.

Jeremy Wallace Lord
11965 Sw 77th St.
Auburn, KS 66402

Ryan A. Blay
15095 West 116th Street
Olathe, KS 66602

s/ Darcy D. Williamson
DARCY D. WILLIAMSON, Trustee
Williamson Law Office
Attorney # 11337
1109 SW Westside Drive
Topeka KS 66615
(785) 233-9908
trustee@williamson-law.net